

**U.S. Department of Justice**

# R E C E I V E D

JUN - 1 2015

AT 8:30_____M
**WILLIAM T. WALSH**
CLERK

United States Attorney
District of New Jersey
*Criminal Division*

970 Broad Street, Suite 700
Newark, New Jersey 07102

*general number:* (973) 645-2700
*fax:* (973) 645-2045

JHY/JJR/PL AGR
2008R00475

June 1, 2015

**VIA HAND**
Leslie S. Sinemus, Esq.
76 South Orange Ave.
South Orange, New Jersey 07079

Re:  Plea Agreement with Carol Johnson      13-417(AET)-02
Crim. No. 13-417 (AET)

Dear Ms. Sinemus:

This letter sets forth the plea agreement between your client,
Carol Johnson (the "Defendant"), and the United States Attorney for the
District of New Jersey ("this Office").

Charge

Conditioned on the understandings specified below, this
Office will accept a guilty plea from the Defendant to a one-count
Superseding Information, which charges her with misprision of the felony
of knowingly and willfully aiding and assisting in the preparation and
presentation of federal income tax returns that were false and fraudulent
as to material matters, contrary to 26 U.S.C. § 7206(2), in violation of
Title 18, United States Code, Section 4.  If the Defendant fully complies
with all of the terms of this agreement, this Office will not initiate any
further criminal proceedings against the Defendant for activities relating
to the preparation or presentation of federal income tax returns that were
false and fraudulent as to material matters between in and around 2005
through in and around 2010.  However, in the event that a guilty plea in
this matter is not entered or the judgment of conviction entered as a
result of this plea does not remain in full force and effect, the Defendant
agrees that any charges that are not time-barred by the applicable
statute of limitations on the date the Defendant signs this agreement
may be commenced against her, notwithstanding the expiration of the
limitations period after she signs the agreement.  With respect to the

charges set forth in the Superseding Information, the defendant also agrees to waive any defenses under the applicable statute of limitations.

Sentencing

The violation of 18 U.S.C. § 4 to which the Defendant agrees to plead guilty carries a statutory maximum prison sentence of not more than three years, and a statutory maximum fine of $250,000 or twice the pecuniary gain or loss involved, whichever is greater. Fines imposed by the Court may be subject to the payment of interest.

The sentence to be imposed upon the Defendant is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the Court's consideration of the United States Sentencing Guidelines ("U.S.S.G."). The U.S.S.G. are advisory, not mandatory. The Court may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence the Defendant ultimately will receive.

Further, in addition to imposing any other penalty on the Defendant, the sentencing judge: (1) will order the Defendant to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid on or before the date of sentencing; (2) must order the Defendant to pay restitution pursuant to 18 U.S.C. §§ 3663 *et seq.*; (3) may order the Defendant, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; and (4) pursuant to 18 U.S.C. § 3583, may require the Defendant to serve a term of supervised release of not more than 1 year, which will begin at the expiration of any term of imprisonment imposed. Should the Defendant be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, he may be sentenced to not more than 1 year's imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on the Defendant by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the U.S. Probation Office all law and information relevant

to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the U.S. Probation Office of: (1) this agreement, and (2) the full nature and extent of the Defendant's activities and relevant conduct with respect to this case.

<u>Stipulations</u>

This Office and the Defendant agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or the Defendant from any other portion of this agreement, including any stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

<u>Waiver of Appeal and Post-Sentencing Rights</u>

This Office and the Defendant waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

<u>Immigration Consequences</u>

The Defendant understands that, if she is not a U.S. citizen, her guilty plea to the charged offense will likely result in her being subject to immigration proceedings and removed from the United States by making her deportable, excludable, or inadmissible, or ending her naturalization. The Defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The Defendant wants and agrees to plead guilty to the charged offense regardless of

3

any immigration consequences of this plea, even if this plea will cause her removal from the United States. The Defendant understands that she is bound by her guilty plea regardless of any immigration consequences of the plea. Accordingly, the Defendant waives any and all challenges to her guilty plea and to her sentence based on any immigration consequences, and agrees not to seek to withdraw her guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of her guilty plea.

Other Provisions

      This agreement is limited to the U.S. Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

      This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against the Defendant. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil or administrative proceeding against the Defendant.

      No provision of this agreement shall preclude the Defendant from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that the Defendant received constitutionally ineffective assistance of counsel.

## No Other Promises

      This agreement constitutes the plea agreement between the Defendant and this Office and supersedes any previous agreements between them.  No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

                      Very truly yours,

                      PAUL J. FISHMAN
                      United States Attorney

By:   JANE H. YOON
                      Assistant U.S. Attorney
                      JILLIAN J. REYES
                      Special Assistant U.S. Attorney

APPROVED:

SCOTT B. McBRIDE
Deputy Chief, Economic Crimes Unit

I have received this letter from my attorney, Leslie S. Sinemus, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver of appeal and defenses under the statute of limitations, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

Date: June 1, 2015

CAROL JOHNSON

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver of appeal and defenses under the statute of limitations, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

Date: June 1, 2015

LESLIE S. SINEMUS, ESQ.

Plea Agreement With Carol Johnson

Schedule A

1.      This Office and the Defendant recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and the Defendant nevertheless agree to the stipulations set forth herein and agree that the Court should sentence the Defendant within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and the Defendant further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2.      The version of the United States Sentencing Guidelines ("U.S.S.G.") effective November 1, 2014, applies in this case.

3.      The applicable guideline is U.S.S.G. § 2X4.1 (Misprision of Felony), which provides that the base offense level shall be 9 levels lower than the offense level for the underlying offense, but in no event less than 4, or more than 19.

4.      The underlying offense is aiding and assisting in the preparation and presentation of federal income tax returns that were false and fraudulent as to material matters, and the applicable guideline is U.S.S.G. § 2T4.1.

5.      The base offense level is the offense level from the table in U.S.S.G. § 2T4.1 (Tax Table) corresponding to the amount of the tax loss. The amount of tax evaded is more than $80,000, but not more than $200,000, which pursuant to § 2T4.1(F) results in a base offense level for the underlying offense of 16.

6.      Accordingly, the base offense level for the offense of conviction is 7. *See* U.S.S.G. § 2X4.1(a).

7.      As of the date of this letter, the Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if the Defendant's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

7

8.     In accordance with the above, the parties agree that the total Guidelines offense level applicable to the Defendant is 5 (the "agreed total Guidelines offense level").

9.     The parties agree not to seek or argue for any upward or downward departure, adjustment, or variance not set forth herein.  The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level of 5 is reasonable.

10.     The Defendant knows that she has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 5.  This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 5. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category.  The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein.  Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

11.     Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ, or motion not barred by that paragraph.